UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JAMES CRAWFORD,                                        9 :13 Civ. 406  (NAM/CFH)

        PLAINTIFF

        - AGAINST -

ANDREW CUOMO, as Governor of the State of
New York, in his official capacity; BRIAN           **COMPLAINT**
FISCHER, Commissioner of Department of
Corrections and Community Supervision, in his
official capacity; Superintendent WILLIAM P.
BROWN, in his personal and official capacities;
Superintendent WILLIAM LARKIN, in his official     **<u>Jury Trial Demanded</u>**
capacity; Corrections Officer SIMON PRINDLE;
and JOHN DOE CORRECTIONS OFFICERS 1-8,

        DEFENDANTS.

--------------------------------------------------------------------X

        Plaintiffs James Crawford and Thaddeus Corley, by and through their attorneys, the

Law Offices of Adam D. Perlmutter, P.C. and the Law Office of Zachary Margulis-Ohnuma,

as and for their complaint, hereby allege as follows:

### <u>PRELIMINARY STATEMENT</u>

        1.      On March 12, 2011, a corrections officer, defendant Simon Prindle, sexually

abused inmate Thaddeus Corley at Eastern Correctional Facility, in Napanoch, New York.  Four

days later, on March 16, 2011, he again sexually abused another inmate, James Crawford, who

has since been freed from custody.

        2.      Prison personnel up and down the chain of command were aware that Officer

Prindle was routinely sexually abusing inmates for his personal gratification.  Officers at both

scenes, sued herein as John Doe corrections officers 1-8, ignored the fact that Officer Prindle

1

was blatantly fondling both inmates' penises in public areas of the prison as the inmates begged them to stop.

3.      The prison as a whole failed to prevent Officer Prindle from continuing his open, notorious and ongoing pattern of sexual abuse.  As a result, the defendants, including supervisors who were aware of the abuse and tolerated it in order to control the inmates through sexual humiliation, violated Plaintiffs' rights to be free from cruel and unusual punishment and must compensate them for their physical and emotional injuries.  In addition, Plaintiffs seek injunctive relief to prevent Officer Prindle from continuing to abuse inmates at Eastern Correctional Facility or anywhere in the correctional system.

4.      This is a civil rights action brought under 42 U.S.C. § 1983 to vindicate rights of James Crawford and Thaddeus Corley under the United States Constitution, the New York State Constitution, and the statutory and common laws of the United States and the State of New York.

**JURISDICTION**

5.      Subject matter jurisdiction over the federal constitutional issues is proper in this Court pursuant to 28 U.S.C. § 1331.  Plaintiffs also invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federal claims and causes of action.  This Court has jurisdiction to order damages, attorneys fees, injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1988.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Northern District of New York.

## PARTIES

7.      Plaintiff James Crawford, is a resident of Brooklyn, New York.  During the period of the underlying tort in this case, Crawford was an inmate at Eastern Correctional Facility under the operation and control of the New York State Department of Correctional Services.  Crawford was serving a term of 20-40 years and has recently been released on parole after his first appearance before the Parole Board.

8.      Plaintiff Thaddeus Crowley is a current inmate at Eastern Correctional Facility. He is serving a 15-year sentence.  He will be eligible for release in or about May 2015.

9.      Defendant Andrew Cuomo is the Governor of the State of New York.  Governor Cuomo is sued herein solely in his official capacity.

10.     Defendant Brian Fischer is the Commissioner of the State of New York Department of Corrections and Community Supervision ("DOCCS"), which was formerly known as the New York Department of Correctional Services.  Commissioner Fischer is sued herein solely in his official capacity.

11.     Superintendent William P. Brown was at all relevant times the superintendent of Eastern Correctional Facility.  Superintendent Brown is sued both in his official capacity and in his personal capacity because, as set forth more fully below, he was personally involved in the decision to keep Officer Prindle in a position to abuse the inmates, despite personally knowing the danger that Officer Prindle presented.

12.     Superintendent William Larkin is the current superintendent of Eastern Correctional Facility.  He is sued solely in his official capacity.

13.     Defendant Simon Prindle is a corrections officer at Eastern Correctional Facility.

14.     Johns Does 1-8 are pseudonyms for corrections officers who were present when Plaintiffs were sexually abused by Officer Prindle and who failed to stop the ongoing abuse.

## FACTUAL ALLEGATIONS

15.     Officer Prindle has engaged in a pattern of sexually demeaning conduct as a method to maintain power and control over inmates under his custody.  This conduct includes sexual touching, fondling and groping of inmates and their genitalia, and making comments to them for the purpose of sexually humiliating them.

### A. The March 12, 2011 Attack on Thaddeus Corley

16.     On March 12, 2011 Plaintiff Thaddeus Corley was engaged in a visit with his wife.

17.     During the visit, Mr. Corley was approached by Officer Prindle who ordered him to stop the visit.

18.     Officer Prindle escorted Mr. Corley out of the visiting room.

19.     Officer Prindle informed Mr. Corley he was going to make sure Mr. Corley did not have an erection.

20.     Another officer present during the conversation, Officer John Doe #1, laughed when he heard Officer Prindle mention an erection.

21.     Officer Prindle directed Mr. Corley to put his hands against the wall held high with his feet spread apart.

22.     Officer Prindle pat frisked Mr. Corley.

23.     During the pat frisk, Officer Prindle paused to fondle and squeeze Mr. Corley's penis.

4

24.     In response, Mr. Corley jumped off the wall and asked Officer Prindle what he was doing.

25.     Officer Prindle responded by threatening Mr. Corley and telling him to get back on the wall.

26.     As a result of the abuse, Mr. Corley has had nightmares and other psychiatric problems.

27.     Mr. Corley immediately filed a grievance complaint against Officer Prindle.

28.     Mr. Corely exhausted his administrative remedies with respect to the grievance complaint against Officer Prindle.

29.     Upon information and belief, John Doe Officers 2, 3 and 4 were in the vicinity of the incident, personally witnessed the incident, and failed to act to stop Officer Prindle's sexual abuse of Mr. Corley.

**B.  The March 16, 2011 Attack on James Crawford**

30.     Four days later, on March 16, 2011, inmate James Crawford was exiting the dining mess hall around the time of the noon meal.

31.     As Mr. Crawford was leaving the mess hall, Office Prindle pulled him over near the school building doorway and told him to place his hands on the wall.

32.     Officer Prindle then began to search Mr. Crawford.

33.     Office Prindle ran his hands down Mr. Crawford's chest area and paused around Crawford's crotch.

34.     Officer Prindle then grabbed Crawford's penis, held it, and asked "what's that?"

35.    Crawford flinched away from Officer Prindle.  At which time, Officer Prindle grabbed Mr. Crawford tightly around his neck area and warned Mr. Crawford to remain against the wall.

36.    Mr. Crawford responded, "That's my penis, man.  What the hell are you doing?"

37.    Officer Prindle then tightened his grip around the hood of the sweatshirt Mr. Crawford was wearing and pinned Mr. Crawford to the wall with Officer Prindle's knee in Mr. Crawford's back area.

38.    Officer Prindle then reached around Mr. Crawford and grabbed Mr. Crawford's crotch area.

39.    During this time, Officer Prindle squeezed and roamed with his hands around Mr. Crawford's penis and down his thigh, stating, "stay on the fucking wall before I ram your head into the concrete."

40.    When Mr. Crawford flinched again, Officer Prindle stated, "That doesn't feel like a penis to me."

41.    Officer Prindle continued to roam with his hands around Mr. Crawford's crotch area.

42.    Officer Prindle then pulled Mr. Crawford's pants tightly up past Mr. Crawford's waist.

43.    Mr. Crawford asked Officer Prindle, "What are you doing?"

44.    Officer Prindle responded, "Stay on the fucking wall.  You wanna go to the box?"

45.    Mr. Crawford understood this to mean that Officer Prindle would place Mr. Crawford into solitary confinement if he resisted the sexual abuse.

46.    Mr. Crawford then asked Officer Prindle about his conduct.

6

47.     Officer Prindle responded by asking Mr. Crawford whether he had on sweatpants to which Mr. Crawford responded in the affirmative.

48.     Officer Prindle then asked Mr. Crawford, "What are you hiding in there?"

49.     During this time, Officer Prindle continued to squeeze and fondle the area around Mr. Crawford's penis.

50.     Mr. Crawford responded, "I'm not hiding nothing.  That's my dick you're holding."

51.     Mr. Crawford then informed Officer Prindle that Prindle's search and frisk were not in accordance with the search and frisk procedures.

52.     Officer Prindle responded, "You don't have any rights in here.  Any search I conduct is in accordance with the directive's search and frisk policies, now shut the fuck up and face the wall.  I'll run my hands up the crack of your ass if I want to."

53.     Officer Prindle then proceeded to run his hands down Mr. Crawford's legs, around the area of Mr. Crawford's ankles, and on the inside of the back of Crawford's boots.

54.     An unknown officer, sued herein as John Doe #5, then approached from the mess hall area and asked, "What's the problem?"

55.     Officer Prindle stated, "Nothing. These bastards are always complaining about being searched around here."

56.     When Mr. Crawford attempted to look over to see the unknown officer, Officer Prindle screamed, "face the fucking wall."

57.     Officer Prindle also told Mr. Crawford that if Mr. Crawford moved again before Officer Prindle ordered, Officer Prindle would have Mr. Crawford in "the box" "quicker than [he] could blink."

7

58.     Officer John Doe #5, asked Officer Prindle if Mr. Crawford was keep locked, to which Officer Prindle responded, "No."

59.     Officer Prindle then ordered Mr. Crawford to continue onto his destination and that Mr. Crawford, "better not look back."

60.     Mr. Crawford then left the area.

61.     On the following day, March 17, 2011, Officer Prindle again encountered Crawford in a hallway.

62.     Officer Prindle said, "Hello, Mr. Crawford.  How are you doing?"

63.     Mr. Crawford ignored Officer Prindle and continued on.

64.     Mr. Crawford was traumatized by Officer Prindle's conduct on March 16, 2012.

65.     Mr. Crawford considered for several days whether he should seek a grievance against Officer Prindle for his actions.

66.     Mr. Crawford feared that if he did file a grievance, Officer Prindle would seek retaliation against Mr. Crawford by placing him in "the box" without cause, as he had threatened to do while abusing Mr. Crawford.

67.     Officer Prindle had no lawful or reasonable cause to detain and search Mr. Crawford on March 16, 2011.

68.     John Doe Officer #5 was present at the time of the incident.

69.     John Doe Officer #5 took no action to stop the sexual abuse.

70.     Upon information and belief, John Does #6, 7 and 8 were also present at the time of the incident and failed to stop Officer Prindle's sexual abuse of Mr. Crawford.

71.     Officer Prindle's deliberate sexual touching of Mr. Crawford's penis caused Crawford shock, alarm and distress.

72.     John Doe Officer #5 told Mr. Crawford to leave the area after Officer Prindle had concluded groping and fondling Mr. Crawford's penis.

73.     On other occasions, Officer Prindle would seek to sexually demean Mr. Crawford and other inmates by telling them that he had "seen a little boy like you before on the internet" or claiming that he had seen their penises.

74.     On yet other occasions, Officer Prindle informed inmates, including Mr. Crawford, that they are not properly complying with anal cavity search procedures and need to repeat bending over and spread their cheeks of their buttocks for him.

75.     Following the March 16, 2011 incident, in which Officer Prindle grabbed and fondled Mr. Crawford's penis, Mr. Crawford saw a prison mental health professional to report the incident, complain about Officer Prindle's conduct, and seek treatment as a result of the trauma and embarrassment caused by the incident.

## FIRST CAUSE OF ACTION

### CRUEL AND UNUSUAL PUNISHMENT
### VIOLATION OF U.S. CONSTITUTION AMENDMENT VIII
### (OFFICER PRINDLE)

76.     Paragraphs 1-75 are hereby incorporated and realleged.

77.     In groping Plaintiffs' penises, Officer Prindle acted willfully and wantonly for the very purpose of causing pain.

78.     There was no penological justification or other explanation for Officer Prindle's conduct.

79.     Officer Prindle's conduct was unreasonable and in violation of Plaintiffs' clearly established constitutional right to be free from cruel and unusual punishment.

9

80.     Officer Prindle's conduct constituted cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

## SECOND CAUSE OF ACTION

### DELIBERATE INDIFFERENCE
### VIOLATION OF U.S. CONSTITUTION AMENDMENT VIII
### (SUPERINTENDENT BROWN)

81.     Paragraphs 1 – 75 are hereby incorporated and re-alleged.

82.     Superintendent Brown was personally aware that Officer Prindle had repeatedly engaged in the sexual abuse of inmates at Eastern Correctional Facility.

83.     Upon information and belief, Superintendent Brown personally signed off on more twenty grievances alleging similar or identical conduct by Officer Prindle in 2010 and 2011.

84.     Superintendent Brown nonetheless permitted Officer Prindle to continue to engage in pat frisks and other hands-on contact with inmates, thus affording him multiple opportunities to continue to abuse them sexually.

85.     Superintendent Brown thus either intentionally caused Officer Prindle to sexually abuse inmates as a means of controlling them, or was deliberately indifferent to a serious risk to the safety of all inmates who came into contact with Officer Prindle.

## THIRD CAUSE OF ACTION

### DELIBERATE INDIFFERENCE
### VIOLATION OF U.S. CONSTITUTION AMENDMENT VIII
### (JOHN DOE OFFICERS 1 – 8)

86.    Paragraphs 1 – 75 are hereby incorporated and realleged.

87.    John Doe Officers 1 – 4 each personally witnessed Officer Prindle fondling the penis of James Crawford during the pat frisk.

88.    John Doe Officers 5 – 8 each personally witnessed Officer Prindle fondling the penis of Thaddeus Corley during the pat frisk.

89.    Each of John Doe Officers 1 – 8 permitted Officer Prindle to continue the sexual abuse despite the inmates' cries for help.

90.    If any of John Doe Officers 1 – 8 had commanded Officer Prindle to stop, he would have been required to do so.

91.    Therefore, John Doe Officers 1 – 8 were deliberately indifferent to the serious risk to Mr. Crawford's safety caused by the ongoing sexual abuse inflicted by Officer Prindle in their presence.

## FOURTH CAUSE OF ACTION

### DELIBERATE INDIFFERENCE
### VIOLATION OF U.S. CONSTITUTION AMENDMENT VIII
### (INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS)

92.    Paragraphs 1 – 75 are hereby incorporated and re-alleged.

93.    Mr. Corley is a current inmate at Eastern Correctional Facility.

94.    The ongoing presence of defendant Prindle as an officer at Eastern presents an immediate, ongoing risk to Mr. Corley health, safety and well-being.

95.    In addition, Mr. Corley is at imminent risk of again having his Constitutional rights violated.

11

96.     Therefore, injunctive relief is warranted under 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION

### NEW YORK COMMON LAW ASSAULT
### (OFFICER PRINDLE)

97.     Paragraphs 1-75 are hereby incorporated and realleged.

98.     On March 12, 2011, without justification or provocation, Officer Prindle touched the penis of Mr. Corley at Eastern Correctional Facility.

99.     On March 16, 2011, without justification or provocation, Officer Prindle touched the penis of Mr. Crawford at Eastern Correctional Facility.

100.    Plaintiffs did not consent to such touching.

101.    Such touching was malicious and sadistic.

102.    Such touching caused substantial pain and injury.

103.    Such touching caused ongoing humiliation and emotional pain.

## SIXTH CAUSE OF ACTION

### VIOLATION OF NEW YORK PENAL LAW § 130.52
### (FORCIBLE TOUCHING)

104.    Paragraphs 1-75 are hereby incorporated and realleged.

105.    On March 12, Officer Prindle forcibly touched the penis of Mr. Corley for the purpose of degrading and abusing Mr. Corley and for the purpose of gratifying Officer Prindle's sexual desire.

106.    On March 16, 2011, Officer Prindle forcibly touched the penis of Mr. Crawford for the purpose of degrading and abusing Mr. Crawford and for the purpose of gratifying Officer Prindle's sexual desire.

107.    Plaintiffs did not consent to such touching.

12

108.    Such touching was unlawful.

109.    Such touching violated Section 130.52 of the New York Penal Law.

110.    Plaintiffs each suffered physical and emotional pain and other damages as a result of such touching.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF NEW YORK PENAL LAW § 130.55,
### SEXUAL ABUSE IN THE FIRST DEGREE
### (OFFICER PRINDLE)

111.    Paragraphs 1 – 75 are hereby incorporated and realleged.

112.    On March 12, Officer Prindle subjected Mr. Corley to sexual contact by touching his penis during a purported pat frisk at Eastern Correctional Facility.

113.    On March 16, 2011, Officer Prindle subjected Mr. Crawford to sexual contact by touching his penis during a purported pat frisk at Eastern Correctional Facility.

114.    Officer Prindle touched Plaintiffs' penises for the purpose of gratifying his own sexual desire.

115.    Officer Prindle touched Plaintiffs' penises through the use of physical force.

116.    Officer Prindle touched Plaintiffs' penises by threatening Mr. Crawford, thus placing Plaintiffs in fear of immediate injury or death.

117.    Such touching violated New York Penal Law § 130.55.

118.    Plaintiffs each suffered physical and emotional pain and other damages as a result of the violation of the New York Penal Law.

### EIGHTH CAUSE OF ACTION

### AIDING AND ABETTING
### (JOHN DOE OFFICERS #1-8)

119.    Paragraphs 1 – 75 are hereby incorporated and realleged.

13

120.    John Doe Officers #1-8 aided and abetted Officer Prindle's sexual abuse of Mr. Crawford and Mr. Corley by standing by and threatening to use force on Mr. Crawford if he resisted Officer Prindle's sexual abuse.

121.    Mr. Crawford and Mr. Corley suffered damages as a result of the actions and omissions of John Doe Officers # 1 – 8.

**Prayer for Relief**

WHEREFORE, plaintiffs pray for relief and demand judgment in his favor on each of their claims against defendants as follows:

a.    That the jury find and the Court adjudge and decree that Plaintiffs shall each recover compensatory damages in the sum of $10,000,000 plus punitive damages in the sum of $10,000,000 against the defendants in punitive damages, plus $1 against the defendants in nominal damages, jointly and severally, together with interest.

b.    That plaintiff recover the costs of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

c.    That defendants shall be enjoined from permitting Officer Prindle from having any contact with inmates.

d.    That plaintiff has such other and further relief as the Court shall deem just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues and counts in the Complaint herein.

Dated: New York, New York

April 12, 2013

Respectfully submitted,

By: _____

Adam D. Perlmutter

LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
260 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (212) 679-1990
Fax: (888) 697-0585
Email: adp@adplegal.com

- and -

By: _____

Zachary Marguis-Ohnuma

LAW OFFICE OF ZACHARY MARGULIS-OHNUMA
260 Madison Avenue, Suite 1800
New York, New York
Tel: (212) 685-0999
Fax: (212) 685-0922
Email: zach@zmolaw.com
*Attorneys for Plaintiffs James Crawford and Thaddeus Corley*

15