UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**James Crawford and Thaddeus Corley,**

**Plaintiffs,**

**-v-**  9:13-CV-406 (NAM/CFH)

**Andrew Cuomo, as Governor of the State of New York, in his official capacity; Brian Fischer, Commissioner of Department Of Corrections and Community Supervision, in his official capacity; Superintendent William P. Brown, in his personal and official capacities; Superintendent William Larkin, in his official capacity; Corrections Officer Simon Prindle; and John Doe Corrections Officers 1-8,**

**Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Office of Adam D. Perlmutter, PC
Adam D. Perlmutter, Esq., of counsel
260 Madison Avenue
Suite 1800
New York, New York 10016
and
Office of Zachary Margulis-Ohnuma
Zachary A. Margulis-Ohnuma, Esq., of counsel
260 Madison Avenue
New York, New York 10016
Attorneys for Plaintiffs

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Richard Lombardo, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

In this action under 42 U.S.C. § 1983, each of the two plaintiffs claims that, while an inmate at Eastern Correctional Facility ("ECF") in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), he was sexually abused on a single occasion by a corrections officer. Defendants move (Dkt. No. 9) to dismiss the complaint (Dkt. No. 1). As set forth below, the Court grants the motion and dismisses the complaint.

**COMPLAINT**

At the time of the events alleged in the complaint (Dkt. No. 1), plaintiffs were inmates at ECF.[1] The complaint alleges that on March 12, 2011, defendant Simon Prindle, a corrections officer at ECF, sexually abused plaintiff Thaddeus Corley, and that on March 16, 2011, Prindle sexually abused plaintiff James Crawford. Specifically, the complaint alleges that, on March 12, 2011, while Thaddeus Corley was engaged in a visit with his wife, Prindle ordered him to stop the visit and escorted him out of the visiting room. Prindle stated he was "going to make sure Mr. Corley did not have an erection"; ordered Corley to "put his hands against the wall held high with his feet spread apart"; and pat frisked him. According to the complaint, "[d]uring the pat frisk, Officer Prindle paused to fondle and squeeze Mr. Corley's penis." In response, Corley "jumped off the wall and asked Officer Prindle what he was doing." Prindle responded "by threatening Mr. Corley and telling him to get back on the wall." Corley adds that, upon information and belief, John Doe Officers 2, 3 and 4 personally witnessed the incident but did nothing to intervene.

---

[1] According to the complaint, plaintiff James Crawford has recently been released on parole; plaintiff Thaddeus Corley continues in DOCCS custody at ECF.

The complaint further alleges that on March 16, 2011, as James Crawford was exiting the dining mess hall, Prindle stopped him and told him to place his hands on the wall.  Prindle began to search Crawford; "ran his hands down Mr. Crawford's chest area and paused around Crawford's crotch"; and "grabbed Crawford's penis, held it, and asked 'what's that?'"  When Crawford flinched, Prindle grabbed him tightly around his neck and warned him to remain against the wall. Crawford responded, "That's my penis, man. What the hell are you doing?"  Then Prindle "tightened his grip around the hood of the sweatshirt Mr. Crawford was wearing"; "pinned Mr. Crawford to the wall with Officer Prindle's knee in Mr. Crawford's back area"; "reached around Mr. Crawford and grabbed Mr. Crawford's crotch area"; "squeezed and roamed with his hands around Mr. Crawford's penis and down his thigh, stating, 'stay on the fucking wall before I ram your head into the concrete'"; and, when Crawford flinched again, stated: "That doesn't feel like a penis to me."  Prindle then "pulled Mr. Crawford's pants tightly up past Mr. Crawford's waist."  Crawford asked, "What are you doing?" and Prindle responded, "Stay on the fucking wall.  You wanna go to the box?"  Crawford understood this as a threat to place him in solitary confinement.  Prindle asked Crawford whether he had on sweat pants.  When Crawford responded in the affirmative, Prindle asked, "What are you hiding in there?"  According to the complaint, "[d]uring this time, Officer Prindle continued to squeeze and fondle the area around Mr. Crawford's penis."  Crawford responded, "I'm not hiding nothing.  That's my dick you're holding."  Crawford then told Prindle that his search and frisk were not in accordance with the procedures; Prindle responded, "You don't have any rights in here. Any search I conduct is in accordance with the directive's search and frisk policies, now shut the fuck up and face the wall. I'll run my hands up the crack of your ass if I want to."  Prindle "then proceeded to run his hands

down Mr. Crawford's legs, around the area of Mr. Crawford's ankles, and on the inside of the back of Crawford's boots." Then an unknown officer, John Doe #3, approached and asked, "What's the problem?" Prindle responded, "Nothing. These bastards are always complaining about being searched around here." When Crawford attempted to look at the unknown officer, Prindle screamed, "Face the fucking wall," and told Crawford that if he moved again Prindle would have him "in 'the box' 'quicker than [he] could blink.'" Prindle ordered Crawford to continue on to his destination and advised him, "Better not look back." Crawford then left the area.

The complaint sets forth the following causes of action: first, a claim against Prindle under 42 U.S.C. § 1983 ("section 1983") asserting that his conduct towards both plaintiffs violated their Eighth Amendment protection against cruel and unusual punishment; second, a section 1983 Eighth Amendment claim for supervisory liability against defendant Superintendent William P. Brown; third, a section 1983 Eighth Amendment claim against the John Doe defendants for deliberate indifference and failure to intervene in the two incidents alleged; fourth, a section 1983 claim for injunctive relief against all defendants; fifth, a New York common law assault claim against Prindle; sixth, a claim of violation of N.Y. Penal Law § 130.52 against Prindle; seventh, a claim of violation of N.Y. Penal Law § 130.55 against Prindle; and eighth, an aiding and abetting claim against the John Doe defendants. Plaintiffs seek compensatory damages, reasonable attorneys fees, and an injunction enjoining defendants "from permitting Officer Prindle from having any contact with inmates."

## DISCUSSION

To survive a Rule 12(b)(6) dismissal motion, "a complaint must plead 'enough facts to

state a claim to relief that is plausible on its face.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI*, 493 F.3d at 98. The court is not, however, required to accept a complaint's legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the court must determine whether the factual allegations plausibly give rise to an entitlement to relief. *See id*.

Plaintiffs' first four causes of action are federal claims based on section 1983. "Recovery under 42 U.S.C. § 1983 is premised upon a showing, first, that the defendant has denied the plaintiff a federal constitutional or statutory right and, second, that such denial was effected under color of state law." *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985). The section 1983 causes of action are based on the contention that defendants violated plaintiffs' Eighth Amendment protection against cruel and unusual punishment.

Defendants' primary argument is that, even accepting plaintiffs' allegations as true, the complaint fails to state Eighth Amendment claims. In addressing the Eighth Amendment in the context of an inmate's allegations of sexual abuse by a corrections officer, the Second Circuit explains:

> The Eighth Amendment sets constitutional boundaries on the conditions of imprisonment. The "unnecessary and wanton infliction of pain" on a prisoner constitutes cruel and unusual punishment in violation of the Eighth Amendment. First, the alleged punishment must be, objectively, sufficiently serious. Under the objective standard, conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.

-5-

> Second, the prison official involved must have a sufficiently culpable state of mind. Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.
>
> Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation. Moreover, like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.
>
> The subjective element of the Eighth Amendment test may also be met by claims of sexual abuse. Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind. It is therefore apparent, even without considering exactly what *mens rea* is necessary to show a wanton state of mind for a claim of sexual abuse, that a prison official who sexually abuses a prisoner can be found to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights.
>
> Accordingly, allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an Eighth Amendment claim under Section 1983.

*Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (citations and quotation marks omitted).

In *Boddie*, the plaintiff, a male inmate, made the following allegations of sexual abuse by Officer B. Schneider, a female corrections officer:

> First, Boddie maintains that on March 3, 1993, Officer B. Schnieder, a female corrections officer, "made a statement" that Boddie believed to be "a pass" at him, but that he "could not be sure."
>
> Second, Boddie claims that on the next day, Schnieder squeezed his hand, touched his penis, and said, "[Y]ou know your [sic] sexy black devil, I like you."
>
> Third, Boddie alleges that on March 19, 1993, in Officer D. DeWald's presence, Schnieder stopped Boddie, accused him of wearing an orange

> sweatshirt, and told him to take off the sweatshirt. According to Boddie, he resisted, stating that he was a cardiac patient, that the hallway was very cold, and that he would give the sweatshirt to her when they returned to his cellblock. When Boddie began to walk past the officers, Schnieder stopped him, "bumping into [his] chest with both her breast so hard [he] could feel the points of her nipples against [his] chest." Boddie states that Schnieder did this to Boddie twice, pinning him to a door. When he tried to pass her again, Schnieder again bumped into him, this time "with her whole body vagina against penis pinning [him] to the door."

*Id*. at 859-60 (footnote omitted, alterations in original). The *Boddie* court affirmed the district court's Rule 12(b)(6) dismissal of the Eighth Amendment claim of sexual abuse, stating:

> [W]e agree with the district court that Boddie ... failed to state an Eighth Amendment claim. He asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be "objectively, sufficiently serious." Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.

*Id.* at 861.[2]

---

[2] The Court rejects plaintiffs' contention that *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), no longer represents the Eighth Amendment sexual abuse standard in this Circuit. The Second Circuit has not revised the standard since issuing the *Boddie* decision in 1997. Indeed, it has occasionally cited *Boddie* in connection with Eighth Amendment sexual assault claims. *See, e.g., Cash v. County of Erie*, 654 F.3d 324, 337, n.6 (2d Cir. 2011) (citing *Boddie* for the observation that "sexual abuse of a prisoner by a corrections officer short of sexual assault may, in some circumstances, violate the prisoner's right to be free from cruel and unusual punishment"), *cert. denied Erie County, N.Y. v. Cash*, 132 S.Ct. 1741 (2012); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) ("Because [plaintiff's] allegations do not even rise to the level of those made by the plaintiff in *Boddie*, they do not state a claim for sexual harassment in violation of the Eighth Amendment to the United States Constitution."), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Boddie v. Davis*, 242 F.3d 364, *1 (2d Cir. 2000) (Table) (affirming dismissal of sexual harassment claim on ground that allegations were insufficiently serious); *United States v. Walsh*, 194 F.3d 37, 49 and n.8 (2d Cir. 1999) (stating that "sexual abuse of a prisoner by a corrections officer may constitute cruel and unusual punishment"; noting that "the isolated incidents of unwanted touching in *Boddie* [were] insufficiently serious to state a cause of action."). A multitude of district court decisions, some of which are cited herein, have applied *Boddie* in evaluating inmate sexual abuse claims. The holding in *Rodriguez v. McClenning*, 399 F.Supp.2d 228, 236-38 (S.D.N.Y. 2005), relied upon by plaintiff, is contrary to Second Circuit precedent, *see Boddie*, 105 F.3d at 861, as well as the vast majority of district court decisions. *See Hilson v. Maltese*, 2012 WL 6965105, *8,

Applying *Boddie* to the claims herein, the Court finds that plaintiffs' Eighth Amendment sexual abuse claims fail to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[3] The Court first addresses the March 16, 2011 incident involving James Crawford. Summarized, Crawford's allegations are as follows. Prindle stopped him as he was leaving the mess hall, told him to place his hands on the wall, and began to search him. In the course of the search, Prindle ran his hands down Crawford's chest area, grabbed Crawford's penis and held it, then grabbed Crawford tightly around his neck and warned him to remain against the wall. Prindle then pinned Crawford to the wall, pushed his knee in Crawford's back, again grabbed Crawford's crotch area; "squeezed and roamed with his hands around Mr. Crawford's penis and down his thigh," and then "pulled Mr. Crawford's pants tightly up past Mr. Crawford's waist." Prindle instructed Crawford to stay on the wall and "continued to squeeze and fondle the area around Mr. Crawford's penis." Prindle "then proceeded to run his hands down Mr. Crawford's legs, around the area of Mr. Crawford's ankles, and on the inside of the back of Crawford's boots." After once more instructing Crawford to face the wall, Prindle ordered him to continue on to his destination, and Crawford left the area.

Crawford alleges conduct that is no more objectively severe than the conduct found insufficient in *Boddie* and numerous district court cases. He alleges only a single incident, which

---

n.12 (N.D.N.Y. Dec. 14, 2012), *report and rec. adopted* 2013 WL 375489 (N.D.N.Y. Jan. 30, 2013); *Harry v. Suarez*, 2012 WL 2589080 (S.D.N.Y. Jul. 3, 2012).

[3] The Court notes that *Boddie* was decided under the pre-*Twombly* standard, which allowed dismissal of a complaint only where it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The *Twombly* case, decided in 2007, held that pleadings must contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. Therefore, the instant complaint is subject to a higher pleading standard than that applied in *Boddie*.

was not excessive in duration.  *See, e.g., Harry v. Suarez*, 2012 WL 2053533, *3 (S.D.N.Y. Jun. 4, 2012) (granting summary judgment dismissing claim that corrections officer "groped [plaintiff's] genitals, buttocks, and inner thighs for up to fifty three seconds in the course of a frisk."); *Irvis v. Seally*, 2010 WL 5759149, *1,*4 (N.D.N.Y. Sept. 2, 2010), *report and rec. adopted* 2011 WL 454792 (N.D.N.Y. Feb. 4, 2011) (dismissing claim alleging three instances of sexual touching during strip searches); *Montero v. Crusie*, 153 F.Supp.2d 368, 373, 375 (S.D.N.Y. 2001) (granting summary judgment where plaintiff alleged that "on several occasions" corrections officer squeezed his genitals while pat-frisking him).  Crawford was fully clothed during the incident, and he does not allege that Prindle touched him beneath his clothing.  *Compare, e.g., Castro-Sanchez v. N.Y.S. Dep't of Corr. Servs*., 2012 WL 4474154, *1 (S.D.N.Y. Sept. 28, 2012) (denying as futile leave to amend complaint to add Eighth Amendment claim alleging that corrections officer pulled down plaintiff's pants and groped his buttocks); *Morrison v. Cortright*, 397 F.Supp.2d 424, 425 (W.D.N.Y. 2005) (dismissing Eighth Amendment claim which included allegations that corrections officer rubbed his penis against inmate's buttocks during strip frisk); *Williams v. Keane*, 1997 WL 527677, *1,*11 (S.D.N.Y.  Aug. 25, 1997) (dismissing claim based on allegation that corrections officer put his hand down inmate's pants and fondled inmate's genitals during pat frisk).  Crawford does not allege Pridle touched him with any part of his body except his hands (and, briefly, his knee).  *Compare, e.g., Boddie*, 105 F.3d at 859-61 (affirming dismissal of claim alleging female corrections officer twice bumped into plaintiff's chest with her breasts, pinning him to a door, then bumped into him "with her whole body vagina against penis pinning [him] to the door."); *Morrison*, 397 F.Supp.2d at 424-25 (dismissing claim alleging corrections officer rubbed his penis against inmate's buttocks during

strip frisk). Further, Crawford does not allege physical injury, penetration, or pain. *Compare, e.g., Jones v. Rock*, 2013 WL 4804500, *19 (N.D.N.Y Sept. 26, 2013) (dismissing sexual abuse claim alleging corrections officer "pulled plaintiffs pants up as high as they would go causing him to winch [*sic*] in pain"; "shoved his fingers between plaintiffs buttock[s] with such force that one of his fingers ... ultimately invad[ed] plaintiff's anus"; and "groped plaintiff genitals and squeezed them until plaintiff cried out in pain"; court noted that plaintiff did not allege physical injury); *McEachin v. Bek*, 2012 WL 1113584, *6 (W.D.N.Y. Apr. 2, 2012) (granting summary judgment dismissing claim based on one incident in which plaintiff was touched without his consent, and which did not involve actual penetration); *Sanders v. Gifford*, 2011 WL 1792589, *1-*2 (N.D.N.Y. Apr. 5, 2011), *report and rec. adopted* 2011 WL 1792917 (N.D.N.Y. May 11, 2011) (dismissing under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) plaintiff's claim alleging corrections officer grabbed his scrotum and squeezed hard causing him "severe pain and suffering."). In sum, Crawford's claim is indistinguishable from the claims dismissed by numerous district courts in this Circuit on the ground that "isolated instances ... of fondling and groping" are not sufficiently severe to support an Eighth Amendment cause of action.[4] *Harry*, 2012 WL 2053533 at *3 (quoting *Garcia v. Watts*, 2009 WL 2777085, *7 (S.D.N.Y. Sept.1, 2009)).

For the same reasons, Thaddeus Corley's allegations fail to state an Eighth Amendment

---

[4] The alleged threats and sexual comments do not elevate the incident to one of federal constitutional proportions. *See, e.g., Irvis*, 2010 WL 5759149 at *1,*4 (dismissing complaint alleging corrections officer engaged in three instances of sexual touching during strip searches and on another occasion offered plaintiff cigarettes for sexual favors and "told plaintiff that he would 'satisfy [plaintiff] better than any woman could and began to describe his oral sex techni[que].'"); *Montero*, 153 F.Supp.2d at 373, 375 (granting summary judgment dismissing claim that corrections officer squeezed plaintiff's genitals while pat-frisking him, offered plaintiff extra privileges in exchange for sexual favors, and made a series of death threats when plaintiff refused).

claim. The complaint alleges that Prindle interrupted Corley's spousal visit; escorted him out of the visiting room; stated he was "going to make sure Mr. Corley did not have an erection"; ordered Corley to "put his hands against the wall held high with his feet spread apart"; and pat frisked him, pausing "to fondle and squeeze Mr. Corley's penis." When Corley "jumped off the wall and asked Officer Prindle what he was doing," Prindle responded "by threatening Mr. Corley and telling him to get back on the wall." This single, brief incident was not severe enough to be objectively, sufficiently serious as required by *Boddie*.

Based on the above, the Court finds that, under settled Second Circuit law, the first cause of action fails to state an Eighth Amendment claim on behalf of either plaintiff. The first cause of action is dismissed.

The second cause of action asserts section 1983 supervisory liability claims against Superintendent William P. Brown for deliberate indifference to Prindle's sexual abuse of inmates in violation of their Eighth Amendment rights. To establish supervisory liability, a plaintiff must establish the supervisor's personal involvement in a constitutional violation by showing that he participated directly in the constitutional violation; was informed of the violation but failed to remedy the wrong; created or permitted a policy or custom under which unconstitutional practices occurred; was grossly negligent in supervising subordinates who committed unconstitutional acts; and/or exhibited deliberate indifference to the rights of inmates by failing to act on evidence that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Here, plaintiffs do not plead that Brown participated directly in the alleged constitutional violations. Rather, plaintiffs claim that Brown "was personally aware that Officer Prindle had repeatedly engaged in the sexual abuse of inmates" at ECF; "personally signed off on more [than]

twenty grievances alleging similar or identical conduct by Officer Prindle in 2010 and 2011";
"nonetheless permitted Officer Prindle to continue to engage in pat frisks and other hands-on
contact with inmates, thus affording him multiple opportunities to continue to abuse them
sexually"; and "thus either intentionally caused Officer Prindle to sexually abuse inmates as a
means of controlling them, or was deliberately indifferent to a serious risk to the safety of all
inmates who came into contact with Officer Prindle." Inasmuch as plaintiffs fail to plead
plausible claims that Prindle's alleged conduct towards them violated their Eighth Amendment
rights, they cannot plausibly plead that Brown violated their Eighth Amendment rights by failing
to remedy Prindle's conduct; by creating or permitting a policy or custom pursuant to which
Prindle's conduct occurred; by supervising Prindle in a grossly negligent manner; or by exhibiting
deliberate indifference to their Eighth Amendment rights. Thus, there is no basis for plaintiffs to
pursue section 1983 supervisory liability claims against Brown arising from Prindle's alleged
conduct towards them. To the extent that plaintiffs intend to assert supervisory liability claims on
behalf of other inmates, they lack standing to do so. *See generally Allen v. Wright*, 468 U.S. 737,
751 (1984) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly
unlawful conduct and likely to be redressed by the requested relief."); *Warth v. Seldin*, 422 U.S.
490, 499 (1975) ("[A] plaintiff generally must assert his own legal rights and interests, and cannot
rest his claim to relief on the legal rights or interests of third parties."). The second cause of
action is dismissed.

The third cause of action alleges deliberate indifference on the part of the John Doe
defendants for failing to intervene in Prindle's violation of plaintiffs' rights during the two
alleged incidents. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) ("A law enforcement

officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers."). Having failed to plead facts supporting plausible claims that Prindle violated their Eighth Amendment rights during the two incidents, plaintiffs fail to plead viable Eighth Amendment claims against the John Doe defendants. *See, e.g., Tavares v. City of N.Y.*, 2011 WL 5877550, *7 (S.D.N.Y. Oct. 17, 2011) ("There can be no failure to intervene ... where there was no constitutional violation."), *report and rec. adopted* 2011 WL 5877548 (S.D.N.Y. Nov 23, 2011). The third cause of action is dismissed.

The fourth cause of action seeks section 1983 injunctive relief, alleging that "the ongoing presence of defendant Prindle as an officer at [ECF] presents an immediate, ongoing risk to Mr. Corley['s] health, safety and well-being" and that "Mr. Corley is at imminent risk of again having his Constitutional rights violated."[5] The "Wherefore" clause of the complaint asks the Court to enjoin defendants "from permitting Officer Prindle from having any contact with inmates." Because the complaint does not plausibly plead that Prindle violated Corley's constitutional rights, there is no basis for an injunction on behalf of Corley. Corley lacks standing to request an injunction on behalf of other inmates. The fourth cause of action is dismissed.

Plaintiffs do not seek leave to file an amended complaint. The complaint, prepared by counsel, sets forth detailed allegations regarding both incidents, the essential facts of which are within plaintiffs' own knowledge. There is no indication that plaintiffs are in possession of additional facts regarding the two incidents. Rather than seeking leave to amend, plaintiffs consistently argue that the facts detailed in the complaint are sufficient to state valid Eighth

---

[5] As noted, the complaint states that Crawford has recently been released on parole and that Corley continues in custody at ECF.

Amendment claims. The problem with plaintiffs' federal causes of action "is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Thus, the first four causes of action are dismissed without leave to replead.

The remaining causes of action – the fifth cause of action for common law assault, the sixth and seventh for violations of New York's Penal Law, and the eighth against the John Doe defendants for aiding and abetting – assert only state law claims.[6] Having dismissed all federal law claims, and in view of the very early stage of the case and the number of state law claims, the Court finds that judicial economy, convenience, fairness, and comity all point toward relinquishing jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006). Therefore, the Court does not address causes of action five through eight. They are dismissed without prejudice.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 9) to dismiss the complaint is granted and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Date:   March 5, 2014
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

[6] Violations of state law that do not rise to the level of federal constitutional violations cannot form the basis of a federal claim under 42 U.S.C. § 1983. *See Cook v. Sheldon*, 41 F.3d 73, 77 (2d Cir. 1994).