UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------X
JAMES CRAWFORD and THADDEUS CORLEY,

               Plaintiffs,              9:13-CV-0406

       -against-                 NAM/CFH

ANDREW CUOMO, as Governor of the State of
New York, in his official capacity; BRIAN
FISCHER, Commissioner of Department of
Corrections and Community Supervision, in
his official capacity; Superintendent
WILLIAM P. BROWN, in his personal and
official capacities; Superintendent
WILLIAM LARKIN, in his official capacity;
Corrections Officer SIMON PRINDLE; and
JOHN DOE CORRECTIONS OFFICERS 1-8,

               Defendants.
------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for Defendants
 Andrew Cuomo, Brian Fischer,
 William Brown, Roland Larkin, and
 Simon Prindle
The Capitol
Albany, New York 12224
(518) 776-2624
FAX: (518) 915-7738 (not for
 service of papers)
E-mail: richard.lombardo@ag.ny.gov

RICHARD LOMBARDO
Assistant Attorney General
Of Counsel
Bar Roll No. 513915

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...........................................1

ARGUMENT.......................................................1

    Point I

    DEFENDANTS PRINDLE AND BROWN ARE ENTITLED
    TO QUALIFIED IMMUNITY.....................................1

    Point II

    THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED............7

CONCLUSION....................................................10

## PRELIMINARY STATEMENT

This memorandum is submitted in reply to plaintiffs' response (docket no. 24) to defendants' memorandum (docket no. 22) in further support of their motion to dismiss (docket no. 9).

## ARGUMENT

### Point I

#### DEFENDANTS PRINDLE AND BROWN ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiffs assert that defendants have argued that "the right to be free from sexual abuse was not clearly established in 2011." Docket no. 24 pp. 2-3.[1]  However, this mischaracterizes defendants' argument. Defendants' position, quite simply, is that, at the time that defendant Prindle is alleged to have engaged in a single incident of sexual abuse of each plaintiff which was not excessive in duration, it was not clearly established that such conduct constituted a constitutional violation.  This is due to the fact that the Second Circuit had held that "isolated episodes of harassment and touching... do not involve a harm of federal constitutional proportions...."  Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) ("Boddie").

---

[1] References herein to the page numbers of docket no. 24 are to the pages of the actual document, not the CM/ECF system page numbers.

Similarly, plaintiffs assert that that "a reasonable person would know that sexually abusing an inmate during a pat frisk amounts to cruel and unusual punishment." Docket no. 24 pp. 3-4). However, the Supreme Court has expressly cautioned against framing the constitutional right at too broad a level of generality. Wilson v. Layne, 526 U.S. 603, 615 (1999). And the Court of Appeals has interposed a "reasonable specificity" requirement on defining the contours of a constitutional right for qualified immunity purposes. Dean v. Blumenthal, 577 F.3d 60, 67-68 (2d Cir. 2009). As previously shown, at the time of the incidents alleged in the complaint, the law of the Second Circuit was that "isolated episodes of harassment and touching..." do not constitute a constitutional violation.

Plaintiffs assert that defendant Prindle "knowingly violated the law" by molesting plaintiffs. Docket no. 24 p. 2. However, in determining whether a government official is entitled to qualified immunity, the question is not whether he "knowingly violated the law", but whether a reasonable official in defendant's position could have known that the conduct that he is alleged to have engaged in could constitute a constitutional violation. That the conduct that defendant Prindle is alleged to have engaged in may have constituted a violation of state law (docket no. 24 pp. 4-5) is irrelevant to the qualified immunity analysis. See Davis v. Scherer, 468 U.S.

2

183, 194 (1984) ("Officials sued for constitutional violations
do not lose their qualified immunity merely because their
conduct violates some statutory or administrative provision.");
P.C. v. McLaughlin, 913 F.2d 1033, 1045 (2d Cir. 1990)
(Liability under 42 U.S.C. §1983 "must be based on a violation
of federal constitutional or statutory law, not state law.");
Doe v. Connecticut Department of Youth Services, 911 F.2d 868,
869 (2d Cir. 1990) (Alleged violations of state law do not give
rise to liability under §1983.); Pollnow v. Glennon, 757 F.2d
496, 501 (2d Cir. 1985) (A violation of state law is not
cognizable under §1983.).[2]

   Nor does this action involve "novel factual circumstances",
as was the case in Hope v. Pelzer, 536 U.S. 730 (2002).  Docket
no. 24 p. 3.  In that case, the Supreme Court held that the
defendants were not entitled to qualified immunity from
plaintiff's claim that handcuffing him to a hitching post
violated the Eighth Amendment, even though there had been no
earlier cases with materially similar facts, since "[t]he

_____

   [2]As plaintiffs correctly note (docket no. 24 p. 4), courts "may
examine statutory or administrative provisions in conjunction with
prevailing circuit or Supreme Court law to determine whether an
individual had fair warning that his or her behavior would violate the
victim's constitutional rights."  Okin v. Village of Cornwall-on-
Hudson Police Department, 577 F.3d 415, 433-34 (2d Cir. 2009)
(emphasis added).  However, as defendants have shown, prevailing
circuit law, i.e., the Second Circuit's 1997 decision in Boddie,
established that, at the time of the incidents alleged in the
complaint, it was not clearly established that a single incident of
sexual abuse which was not excessive in duration constituted a
constitutional violation.

obvious cruelty inherent in this practice should have provided
[defendants] with some notice that their alleged conduct
violated [plaintiff's] constitutional protection against cruel
and unusual punishment." 536 U.S. at 745. Hope v. Pelzer has
no bearing on this case for the simple reason that there was an
earlier case with materially similar facts to the present case,
i.e., the Second Circuit's 1997 decision in Boddie, holding that
"isolated episodes of harassment and touching..." do not
constitute a constitutional violation.

   Plaintiffs assert that neither the Second Circuit nor the
Supreme Court "has held that rulings of district courts may be
relied on to determine whether a right is clearly established or
not when on-point precedent is controlling." Docket no. 24 p.
3. Defendants agree. The court should look to Supreme Court
and Second Circuit precedent existing at the time of the alleged
violation to determine whether the conduct violated a clearly
established right. Moore v. Vega, 371 F.3d 110, 114 (2d Cir.
2004).[3] In the present case, Second Circuit precedent existing
at the time of the alleged violation, i.e., the Second Circuit's

_____

   [3]Thus, the fact that "many other federal appeals courts held
prior to Prindle's abuse of [plaintiffs] that sexually abusing an
inmate is a constitutional violation..." (docket no. 24 p. 5), putting
aside the fact that plaintiffs continue to frame the constitutional
right at too broad a level of generality, has no bearing on the
qualified immunity analysis in this case.

1997 decision in Boddie, established that "isolated episodes of
harassment and touching..." do not constitute a constitutional
violation.    Defendants have made reference to numerous District
Court decisions that have applied Boddie in evaluating inmate
sexual abuse claims and held that a single incident of sexual
abuse which was not excessive in duration fails to state a
violation of the Eighth Amendment.    However, defendants have
done so solely for the proposition that, if numerous District
Court Judges have found that, under the case law existing at the
time of the incidents alleged in the complaint, conduct such
that defendant Prindle is alleged to have engaged in did not
constitute an Eighth Amendment violation, a reasonable official
in defendants' position could not possibly have known that the
conduct that defendant Prindle is alleged to have engaged in
could constitute a constitutional violation.    Docket no. 22 pp.
10-12.

        Plaintiffs seem to argue defendants' case when they point
out that the 1997 Boddie decision established that "severe or
repetitive sexual abuse of an inmate by a prison officer..." can
constitute an Eighth Amendment violation (105 F.2d at 861) and
that the Court of Appeals' August 2015 decision in this case
held that the conduct that defendant Prindle is alleged to have

                                    5

engaged in now violates the Eighth Amendment.[4]  Docket no. 24 p.
4.  This is defendants' entire point.  At the time of the
incidents alleged in the complaint, the Second Circuit's 1997
Boddie decision had held that "isolated episodes of harassment
and touching..." do not constitute a constitutional violation.
Thus, notwithstanding the fact that the Court of Appeals has now
clarified the rule set forth in Boddie, so that a corrections
officer's intentional conduct with an inmate's genitalia or
other intimate area, which serves no penological purpose and is
undertaken with the intent to gratify the officer's sexual
desire or to humiliate the inmate, now violates the Eighth
Amendment, defendants Prindle and Brown are entitled to
qualified immunity since it was not clearly established at the
time of the incidents alleged in the complaint that a single
incident of sexual abuse which was not excessive in duration
violated the Eighth Amendment.

---

[4]Thus, plaintiffs' assertion that "[t]he plain language of
Boddie, announced nearly 15 years prior to Prindle's conduct, put
Prindle on notice that sexually abusing an inmate is a constitutional
violation..." (docket no. 24 p. 4) is, at best, misleading.  In fact,
the plain language of the 1997 Boddie decision put defendant Prindle
on notice that: (1) "severe or repetitive sexual abuse of an inmate by
a prison officer..." (which defendant Prindle is not alleged to have
engaged in) can constitute an Eighth Amendment violation; and (2)
"isolated episodes of harassment and touching..." (which defendant
Prindle is alleged to have engaged in) do not violate the Eighth
Amendment.

## Point II

### THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED

For reasons passing understanding, although both plaintiffs have now been released from prison, they continue to press their fourth cause of action, which seeks injunctive relief based upon their allegation that the ongoing presence of defendant Prindle at Eastern Correctional Facility presents an immediate, ongoing risk to plaintiff Corley's health, safety, and well-being.

While they concede that plaintiff Corley's release from prison has rendered their claim for injunctive relief moot, plaintiffs, nonetheless, argue that this court and the State should continue to devout theirs resources to entertaining plaintiffs' claim for injunctive relief based upon the "capable of repetition, yet evading review" exception to the mootness doctrine articulated by the Supreme Court in Murphy v. Hunt, 455 U.S. 478 (1982). Docket no. 24 pp. 6-7. In that case, the court noted that there is an exception to the mootness doctrine where: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. 455 U.S. at 482. However, neither element is satisfied in this case.

Plaintiffs' assertion that "[t]he first element is plainly satisfied as neither [plaintiff is] presently incarcerated at

7

[Eastern Correctional Facility], where defendant Prindle sexually abused them..." (docket no. 24 p. 7) demonstrates their lack of understanding of the nature of the "capable of repetition, yet evading review" exception to the mootness doctrine.  In fact, this exception applies only to actions for declaratory and injunctive relief challenging an alleged ongoing constitutional violation, such as the denial of bail in Murphy v. Hunt[5] or the alleged denial of a prisoner's right to practice his religion as in Lloyd v. City of New York, 43 F.Supp.3d 254 (S.D.N.Y. 2014) (docket no. 24 pp. 7-8).  See also Turner v. Rogers, ___ U.S. ___, 131 S.Ct. 2507, 2515 (2011) (applying exception to mootness doctrine for disputes capable of repetition, yet evading review to challenge to denial of counsel in civil contempt proceedings enforcing child support orders); Davis v. Federal Election Commission, 554 U.S. 724, 735 (2008) (applying exception to mootness doctrine for disputes capable of repetition, yet evading review to challenge to Election Law provisions imposing different campaign contribution limits on candidates); Meyer v. Grant, 486 U.S. 414, 417 (1988) (applying exception to mootness doctrine for disputes capable of repetition, yet evading review to challenge to statute making it a felony to pay circulators of petitions proposing new laws);

---

[5]In Murphy v. Hunt, the court held that plaintiff's constitutional claim to pretrial bail became moot following his conviction.  455 U.S. at 481.

First National Bank of Boston v. Bellotti, 435 U.S. 765, 776
(1978) (applying exception to mootness doctrine for disputes
capable of repetition, yet evading review to challenge to
statute forbidding certain expenditures by banks and
corporations for the purpose of influencing the vote on
referendum proposals); Roe v. Wade, 410 U.S. 113, 125 (1973)
(applying exception to mootness doctrine for disputes capable of
repetition, yet evading review to challenge to statute
criminalizing abortions). By contrast, plaintiffs have brought
an action for damages based upon two discrete alleged incidents
and their request for an injunction could best be described as
an afterthought. Thus, in this case, there is no "challenged
action [which is] in its duration too short to be fully
litigated prior to its cessation or expiration."

Equally lacking merit is plaintiffs' assertion that the
second element is satisfied since it is conceivable that
plaintiffs may commit another crime and be convicted, sentenced,
and sent back to Eastern Correctional Facility. Docket no. 24
pp. 7-8. While plaintiffs may have "some reason to believe"
that they might be returned to Eastern Correctional Facility
(docket no. 24 p. 7), the Supreme Court "has never held that a
mere physical or theoretical possibility was sufficient to
satisfy" the exception to the mootness doctrine. Rather, there
must be a "reasonable expectation or a demonstrated probability

9

that the same controversy will occur involving the same complaining party." Murphy v. Hunt, 455 U.S. at 482 (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975)). Notwithstanding the holding of the Southern District in Lloyd v. City of New York, which is, of course, not binding on this court, plaintiffs have simply failed to establish either a "reasonable expectation" or a "demonstrated probability" that they will ever again have any contact with defendant Prindle.

## CONCLUSION

FOR ALL THE FOREGOING REASONS, THE COMPLAINT
SHOULD BE DISMISSED IN ITS ENTIRETY.

Dated: Albany, New York
       December 16, 2015

Yours, etc.,

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for Defendants
 Andrew Cuomo, Brian Fischer,
 William Brown, Roland Larkin, and
 Simon Prindle

By:

RICHARD LOMBARDO
Assistant Attorney General
Bar Roll No. 513915
The Capitol
Albany, New York 12224
(518) 776-2624
FAX: (518) 915-7738 (not for
 service of papers)
E-mail: richard.lombardo@ag.ny.gov

10