UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**James Crawford and Thaddeus Corley,**

**Plaintiffs,**

**-v-**                                           **9:13-CV-406 (NAM/CFH)**

**Andrew Cuomo, as Governor of the State of New
York, in his official capacity; Brian Fischer,
Commissioner Of Department Of Corrections and
Community Supervision, in his official capacity;
Superintendent William P. Brown, in his personal
and official capacities; Superintendent William
Larkin, in his official capacity; Corrections Officer
Simon Prindle; and John Doe Corrections Officers
1-8,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Perlmutter & McGuinness, P.C.
Adam D. Perlmutter, Esq., of counsel
260 Madison Avenue, Suite 1800
New York, New York 10016
and
Office of Zachary Margulis-Ohnuma
Zachary A. Margulis-Ohnuma, Esq., of counsel
260 Madison Avenue
New York, New York 10016
Attorneys for Plaintiffs

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Richard Lombardo, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants William P. Brown, Andrew Cuomo, Brian Fischer,
William Larkin, and Simon Prindle

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

On March 6, 2014, this Court issued a Memorandum-Decision and Order (Dkt. No. 15) granting defendants' motion (Dkt. No. 9) to dismiss plaintiffs' complaint under 42 U.S.C. § 1983 ("section 1983").  Plaintiffs, who at the time of the events in issue were inmates at Eastern Correctional Facility ("ECF"), allege that in March 2011 each was subjected to an incident of sexual abuse by defendant Simon Prindle, a corrections officer at ECF.  This Court acknowledged that sexual abuse by a corrections officer can give rise to an Eighth Amendment claim, but, relying primarily on *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), held that plaintiffs' factual allegations, accepted as true, did not state Eighth Amendment claims.  Accordingly, this Court dismissed plaintiffs' first cause of action, which asserted Eighth Amendment claims against Prindle based on the alleged sexual abuse, and their second cause of action for supervisory liability against Prindle's supervisor, William P. Brown.  The Court dismissed these and related federal claims with prejudice and dismissed plaintiffs' state law claims without prejudice.

On August 11, 2015, the Second Circuit reversed the dismissal order and remanded the action, holding that the allegations of sexual abuse stated Eighth Amendment claims.  *See Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015), *reversing* 2014 WL 897046 (N.D.N.Y. Mar. 6, 2014).  In remanding, the Second Circuit directed this Court to address defendants' argument that qualified immunity shields Prindle and Brown from liability for the alleged sexual abuse.

Thereafter, the parties submitted additional briefing (Dkt. Nos. 22, 24, 26).  Plaintiffs also filed a letter brief (Dkt. No. 28) citing a recent district court decision in *Smith v. Roberson*, 2016 WL 1056588 (N.D.N.Y Mar. 16, 2016), which the Court takes into consideration. The Court

concludes that defendants Pringle and Brown are entitled to qualified immunity.  Therefore, as

explained below, defendants' motion (Dkt. No. 9) to dismiss the complaint is granted.

### STANDARD ON RULE 12(B)(6) MOTION

To withstand dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a

complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl.*

*Corp. v Twombly*, 550 U.S. 544, 570 (2007).  In addressing this dismissal motion, the Court

"constru[es] the complaint liberally, accept[s] all factual allegations in the complaint as true, and

draw[s] all reasonable inferences in the plaintiff's favor." *Leibowitz v. Cornell Univ.*, 445 F.3d

586, 590 (2d Cir. 2006).

### FACTS

The factual allegations in plaintiffs' complaint are summarized in the Second Circuit's

decision remanding the instant case as follows:

> On March 12, 2011, Thaddeus Corley, an ECF inmate, was visiting with his
> wife when Corrections Officer Simon Prindle ordered him out of the visiting
> room and sexually abused him. Prindle informed Corley that "he was going
> to make sure Mr. Corley did not have an erection," and after ordering Corley
> to stand against the wall with his feet spread apart, Prindle "paused to fondle
> and squeeze [his] penis." When Corley "jumped off the wall" in response,
> Prindle threatened him and told him to "get back on the wall."
>
> Four days later, Prindle abused a second ECF inmate, James Crawford. As
> Crawford was leaving the mess hall, Prindle stopped him and initiated a
> search. During the search, Prindle paused around Crawford's crotch,
> "grabbed" and "held" his penis and asked "what's that?"  Crawford
> responded: "That's my penis, man." Prindle pushed his knee into Crawford's
> back, pinning him to the wall, tightened his grip around the neck of
> Crawford's sweatshirt, and told him to "stay on the fucking wall" if he didn't
> want Prindle to "ram [his] head into the concrete." Prindle continued to
> "squeeze" and "fondle" the area around Crawford's penis and "roam" his
> hands down Crawford's thigh. Throughout the search, Prindle told Crawford
> to "[s]tay on the fucking wall" if he didn't want to "go to the box," which
> Crawford understood to mean that Prindle would send him to solitary

confinement if he resisted the abuse. When Crawford told Prindle that the search was not in accordance with search and frisk procedures, Prindle responded: "You don't have any rights in here.... I'll run my hands up the crack of your ass if I want to." As a result of these incidents, Crawford and Corley allege that they have suffered psychologically and sought help from mental health professionals.

The complaint also alleged that at least 20 inmate grievances complained of sexual abuse or harassment by Prindle. On certain occasions, Prindle demeaned Crawford and other inmates by telling them that he had "seen a little boy like [them] before on the internet" or that he had seen their penises. And on other occasions, Prindle claimed that inmates were not properly complying with anal-cavity search procedures and ordered the inmates to repeatedly bend over and spread their buttocks for him.

796 F.3d at 255 (footnote and citations to record omitted).

The complaint sets forth the following causes of action: first, a section 1983 Eighth Amendment claim against Prindle; second, a section 1983 Eighth Amendment claim against Brown for supervisory liability; third, a section 1983 Eighth Amendment claim against John Doe defendants for deliberate indifference and failure to intervene; fourth, a section 1983 claim for injunctive relief against all defendants; and fifth through eighth, New York State common-law and statutory claims. Plaintiffs seek compensatory damages, reasonable attorneys fees, and an injunction prohibiting defendants "from permitting Officer Prindle from having any contact with inmates."

## PROCEDURAL BACKGROUND

In its prior decision, this Court held that the complaint did not state an Eighth Amendment claim on behalf of either plaintiff. 2014 WL 897046 at *4-5. Accordingly, the Court dismissed the federal claims with prejudice. It dismissed the state law claims without prejudice.

In reversing and remanding, the Second Circuit held that the complaint sufficiently alleged Eighth Amendment claims. The Second Circuit added:

> Defendants argue that qualified immunity shields Prindle and Brown from liability because it was objectively reasonable for them to believe that Prindle's alleged sexual abuse did not violate the Eighth Amendment. Because the district court dismissed the complaint, it did not address whether Prindle and Brown are entitled to qualified immunity, and the parties did not thoroughly brief the issue on appeal. We therefore remand the case to the district court to decide the qualified immunity question in the first instance.

*Crawford*, 796 F.3d at 261.

## APPLICABLE LAW – QUALIFIED IMMUNITY

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012). "This is so even if the court would conclude that, under law at the later time of the court's ruling, the defendant's conduct would be found to violate the Constitution." *Lynch v. Ackley*, 811 F.3d 569, 578 (2d Cir. 2016). The requirement that the law be "clearly established" is met "if the law on the subject was defined at the time with reasonable clarity or clearly foreshadowed in rulings of the Supreme Court or the Second Circuit, so that the defendant should have understood that [his] conduct was unlawful." *Id.* at 578-79 (footnote omitted). As the Second Circuit explains:

> To determine whether the relevant law was clearly established, we consider the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law. Even if this Court has not explicitly held a course of conduct to be unconstitutional, we may nonetheless treat the law as clearly established if decisions from this or other circuits clearly foreshadow a particular ruling on the issue.

*Terrebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014) (citation and quotation marks omitted). While courts do not require a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Taylor v. Barkes*, 135 S.Ct. 2042, 2044

(2015).

### *BODDIE V. SCHNEIDER*

In addressing the Eighth Amendment in the context of an inmate's allegations of sexual abuse by a corrections officer in *Boddie v. Schneider*, the Second Circuit explained:

> The Eighth Amendment sets constitutional boundaries on the conditions of imprisonment. The "unnecessary and wanton infliction of pain" on a prisoner constitutes cruel and unusual punishment in violation of the Eighth Amendment. First, the alleged punishment must be, objectively, sufficiently serious. Under the objective standard, conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.
>
> Second, the prison official involved must have a sufficiently culpable state of mind. Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.
>
> Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation. Moreover, like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.
>
> The subjective element of the Eighth Amendment test may also be met by claims of sexual abuse. Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind. It is therefore apparent, even without considering exactly what *mens rea* is necessary to show a wanton state of mind for a claim of sexual abuse, that a prison official who sexually abuses a prisoner can be found to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights.
>
> Accordingly, allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an Eighth Amendment claim under Section 1983.

105 F.3d 857, 861 (2d Cir. 1997) (citations and quotation marks omitted).  In *Boddie*, the

-6-

plaintiff, a male inmate, made the following allegations of sexual abuse by Officer B. Schneider, a

female corrections officer:

> First, Boddie maintains that on March 3, 1993, Officer B. Schnieder, a female corrections officer, "made a statement" that Boddie believed to be "a pass" at him, but that he "could not be sure."
>
> Second, Boddie claims that on the next day, Schnieder squeezed his hand, touched his penis, and said, "[Y]ou know your [sic] sexy black devil, I like you."
>
> Third, Boddie alleges that on March 19, 1993, in Officer D. DeWald's presence, Schnieder stopped Boddie, accused him of wearing an orange sweatshirt, and told him to take off the sweatshirt. According to Boddie, he resisted, stating that he was a cardiac patient, that the hallway was very cold, and that he would give the sweatshirt to her when they returned to his cellblock. When Boddie began to walk past the officers, Schnieder stopped him, "bumping into [his] chest with both her breast so hard [he] could feel the points of her nipples against [his] chest." Boddie states that Schnieder did this to Boddie twice, pinning him to a door. When he tried to pass her again, Schnieder again bumped into him, this time "with her whole body vagina against penis pinning [him] to the door."

Id. at 859-60 (footnote omitted, alterations in original).  The *Boddie* court affirmed the district

court's Rule 12(b)(6) dismissal of the Eighth Amendment claim of sexual abuse, stating:

> [W]e agree with the district court that Boddie ... failed to state an Eighth Amendment claim. He asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be "objectively, sufficiently serious." Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.

*Id*. at 861.

## ANALYSIS – QUALIFIED IMMUNITY

The Court now addresses whether, at the time of Pringle's alleged conduct in the case at

bar, it was "clearly established" that such conduct constituted a violation of the Eighth

Amendment, that is, whether "the law on the subject was defined at the time with reasonable

clarity or clearly foreshadowed in rulings of the Supreme Court or the Second Circuit, so that the

defendant should have understood that [his] conduct was unlawful." *Lynch*, 811 F.3d at 578-79

(footnote omitted).  In vacating this Court's dismissal of the instant case, the Second Circuit

wrote the following with respect to the state of the law regarding an Eighth Amendment claim of

sexual abuse:

> We write today to clarify the rule set forth in *Boddie*: A corrections officer's
> intentional contact with an inmate's genitalia or other intimate area, which
> serves no penological purpose and is undertaken with the intent to gratify the
> officer's sexual desire or to humiliate the inmate, violates the Eighth
> Amendment. Moreover, we recognize that sexual abuse of prisoners, once
> passively accepted by society, deeply offends today's standards of decency.
> The proper application of the rule in *Boddie* must reflect these standards.

796 F.3d at 254.  After setting forth the background of the case, the Second Circuit began its

discussion by stating that this Court had interpreted *Boddie* too narrowly, and observing:

> *Boddie* recognized that a single act of sexual abuse may violate the Eighth
> Amendment if, as in this case, it is entirely gratuitous and devoid of
> penological purpose. Moreover, in the nearly two decades since *Boddie* was
> decided, societal standards of decency regarding sexual abuse and its harmful
> consequences have evolved. Without suggesting that *Boddie* was wrongly
> decided in 1997, we conclude that the result in that case would likely be
> different applying the same rule today.

796 F.3d at 256.  Thus, the Second Circuit did not find that Supreme Court or Court of Appeals

case law subsequent to *Boddie* had established a new standard.  Rather, it wrote:

> The standard set forth in *Boddie*, which condemns Prindle's alleged conduct,
> remains the same today. But in determining the application of that standard,
> the Eighth Amendment requires courts to "look beyond historical conceptions
> to the evolving standards of decency that mark the progress of a maturing
> society." *Graham v. Florida*, 560 U.S. 48, 58, 130 S.Ct. 2011, 176 L.Ed.2d
> 825 (2010) (internal quotation marks omitted). We must therefore also

recognize that particular conduct that might not have risen to the level of an Eighth Amendment violation 18 years ago may no longer accord with community standards, and for that reason may state a claim today.
***
In light of this evolution, while the standard articulated in Boddie remains the same, "its applicability must change as the basic mores of society change." *Kennedy v. Louisiana*, 554 U.S. 407, 419, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008) (quoting *Furman v. Georgia*, 408 U.S. 238, 382, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Burger, C.J., dissenting)). Accordingly, conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency, and for that reason, we believe that the officer's conduct in *Boddie* would flunk its own test today.

*Id*. at 259-60.

Plaintiffs do not cite – nor does this Court find – clear law at the time of the events in issue establishing that Prindle's alleged actions constituted an Eighth Amendment violation. To the contrary, *Boddie* characterized allegations substantially similar to those in the instant case as "isolated episodes of harassment and touching ... [that] do not involve a harm of federal constitutional proportions as defined by the Supreme Court." 105 F.3d at 861 (internal quotation marks omitted). In holding that the allegations in the instant case pleaded an Eighth Amendment claim, the Second Circuit relied on evolving standards of decency, not on clearly established law. It found that, in light of this evolution in societal mores, the applicability of the legal standard in *Boddie* "must change as the basic mores of society change." 796 F.3d at 260.

At the time of the conduct alleged herein, this change in the application of the legal standard set forth in *Boddie* was not defined with reasonable clarity or clearly foreshadowed by Supreme Court or Court of Appeals law. The Supreme Court cases cited by the Second Circuit herein certainly support the conclusion that evolving societal mores warrant a changed application of *Boddie*. The cases do not, however, define or foreshadow such a change with

-9-

sufficient specificity to defeat qualified immunity in the instant case, because they involve significantly different Eighth Amendment issues. For example, in *Graham v. Florida*, the Supreme Court referred to the "overwhelming weight of international opinion" as supporting its conclusion that the Eighth Amendment does not permit a juvenile offender to be sentenced to life in prison without parole for a non-homicide crime. 560 U.S. 48, 81 (2010), *as modified* (July 6, 2010) (internal quotation marks omitted). And in *Kennedy v. Louisiana*, the Supreme Court cited evolving standards of decency in holding that the Eighth Amendment prohibits the imposition of the death penalty for the rape of a child where the crime did not result, and was not intended to result, in the death of the victim. 554 U.S. 407, 438 (2008). *Whitley v. Albers*, 475 U.S. 312 (1986), and *Hudson v. McMillian*, 503 U.S. 1 (1992), concerned claims of excessive force. Nor was this change in the application of the *Boddie* standard clearly established by Court of Appeals case law at the relevant time. A review of case law indicates that the Second Circuit did not have an occasion prior to the instant case to consider whether evolving societal mores supported a change in the application of *Boddie*.[1] In particular, *United States v. Walsh* provided no opportunity to revisit *Boddie*, because the allegations of repeated, sadistic sexual abuse in *Walsh*

---

[1] The Second Circuit cases between *Boddie* and the instant case generally presented factual situations that were sufficiently severe to satisfy *Boddie's* application of Eighth Amendment law, s*ee, e.g., Cash v. County of Erie*, 654 F.3d 324, 337 and n.6 (2d Cir. 2011) (reinstating jury verdict imposing liability on county and sheriff for rape of plaintiff, a female inmate, by male corrections officer), *and United States v. Walsh*, 194 F.3d 37, 49 and n.8 (2d Cir. 1999) (upholding criminal conviction of corrections officer for deprivation of constitutional rights under color of state law, 18 U.S.C. § 242, based on repeated, sadistic sexual abuse of inmate), or that easily fell short of it. *See, e.g., Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) ("Because [plaintiff's] allegations do not even rise to the level of those made by the plaintiff in *Boddie*, they do not state a claim for sexual harassment in violation of the Eighth Amendment to the United States Constitution."), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Boddie v. Davis*, 242 F.3d 364 (Table), 2000 WL 1836763 at *1 (2d Cir. 2000) ("The district court correctly determined [plaintiff's] allegations of sexual harassment were insufficiently serious to state a constitutional violation under § 1983." (citing *Boddie v. Schneider*)).

clearly violated the Eighth Amendment as applied in *Boddie*. 194 F.3d 37, 49 (2d Cir. 1999).

Similarly, the cases from other circuits cited by plaintiffs for the broad proposition that "sexually

abusing an inmate is a constitutional violation" do not define with reasonable clarity or clearly

foreshadow the ruling herein, because, like *Walsh*, they concern conduct that would be found

unconstitutional under *Boddie*.[2]  There is no basis to hold that precedent existing at the relevant

time placed the constitutional question decided by the Second Circuit in the instant case "beyond

debate." *Taylor*, 135 S.Ct. at 2044.  State officials "cannot be expected to predict the future

course of constitutional law." *Wilson v. Layne*, 526 U.S. 603, 617 (1999).

    After thoroughly reviewing all arguments raised by plaintiffs, and taking into account all

relevant factors as they existed at the time of the alleged incidents – including the specificity with

which the relevant Eighth Amendment law was defined, the state of the Supreme Court and Court

of Appeals case law, and the understanding of a reasonable officer – the Court holds that it was

not clearly established that Prindle's alleged conduct constituted an Eighth Amendment violation

at the relevant time.  Thus, it was objectively reasonable for Prindle and Brown to believe that

Prindle's alleged sexual abuse of plaintiffs did not violate the Eighth Amendment.  Certainly, the

alleged incidents, if true, were despicable; nevertheless, they did not involve a harm of federal

constitutional proportions under clearly established law as it existed at the time.  Therefore,

under the doctrine of qualified immunity, defendants Prindle and Brown are entitled to dismissal

---

[2] *See, e.g., Daskalea v. District of Columbia*, 227 F.3d 433, 440 (D.C.Cir. 2000) (upholding verdict for plaintiff who was subjected to repeated incidents of sexual harassment and abuse and was forced to perform a striptease in front of other prisoners and male and female guards); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (upholding denial of qualified immunity for prison guard charged with an "escalating series of unwelcome sexual advances" culminating in attempted rape in the inmate's cell); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (concerning municipal and supervisory liability for conduct of guard who was convicted of forcible sexual abuse of female inmate).

of the first and second causes of action.

## OTHER CLAIMS

For the same reason, the Court dismisses the third cause of action, a section 1983 claim against John Doe defendants for supervisory liability and failure to intervene.

The fourth cause of action seeks an injunction prohibiting defendants "from permitting Officer Prindle from having any contact with inmates" on the ground that plaintiff Thaddeus Corley is an inmate at ECF and that Prindle's ongoing presence as a corrections officer at ECF "presents an immediate, ongoing risk to Mr. Corley [*sic*] health, safety and well-being." As acknowledged in plaintiffs' memorandum of law on remand (Dkt. No. 24), however, both plaintiffs have been released on parole. An inmate's release or transfer from the facility in which the challenged actions occurred generally renders moot claims for injunctive relief against officials of that facility. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2011); *Khalil v. Laird*, 353 F.App'x 620, 621 (2d Cir. 2009). The "capable of repetition, yet evading review" exception to the mootness doctrine does not apply here; in the view of the Court, speculation that a plaintiff may violate parole is an insufficient ground to expect that he will again find himself incarcerated at ECF. Thus, there is no "reasonable expectation that the same complaining party would be subjected to the same action again." *Muhammad v. City of New York Dep't of Corr.*, 126 F.3d 119, 124 (2d Cir. 1997) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). The fourth cause of action is denied as moot.

Accordingly, causes of action one through four are dismissed with prejudice. For the reasons stated in the prior decision herein, 2014 WL 897046 at *6, the state law claims (fifth through eighth causes of action) are dismissed without prejudice.

-12-

## CONCLUSION

It is therefore

ORDERED that, upon remand, defendants' motion (Dkt. No. 9) to dismiss the complaint is granted and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Date:   September 28, 2016
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

-13-